Walter MILLER, Plaintiff–Appellant,

v.

Barbara BOCK, et al., Defendants–Appellees.

No. 02–1964.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

Walter Miller, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Miller filed this civil rights action against the Director of the Michigan Department of Correction ("MDOC") (Bill Martin), the

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Warden of the Saginaw Correctional Facility ("SRF") (Barbara Bock), the Assistant Deputy Warden at SRF (Ruth Smith), a Resident Unit Manager at SRF (Nannie Culbertson), a Record Office Supervisor at the Scott Correctional Facility (Jeanette Jackson), and the Department Manager of Prison Affairs Section (Laura Dotson). In his complaint. Miller alleged that the defendants were responsible for wrongfully placing his name on Michigan's Sex Offender Registry. He claimed that the defendants relied on inaccurate information in doing so, and that they have refused to expunge the information. The defendants were sued in both their individual and official capacities.

Thereafter, the defendants filed a motion for summary judgment, and Miller filed a competing motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that the defendants' motion for summary judgment be granted and that Miller's motion be denied. The district court adopted the report and recommendation over Miller's objections and granted summary judgment for the defendants' and denied Miller's motion. Miller's motion to alter or amend the judgment was denied. Miller appeals.

On appeal, Miller appears to reassert the claims that he asserted in the district court. The parties have filed briefs.

This court reviews a judgment granting summary judgment de novo. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465 (6th Cir.2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993).

Upon review, we conclude that summary judgment was proper for the reasons stated by the district court. To state a claim under § 1983, a plaintiff must allege facts demonstrating two elements: "First, the plaintiff must prove that the defendant has deprived him of a right secured by the Constitution and laws of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Miller fails to prove the first prong of this requirement because he neglects to specify the manner in which MDOC Director Martin, SRF Warden Bock and Assistant Deputy Warden Smith participated in the alleged constitutional violations. To the extent that Miller is suing these defendants in their supervisory capacity, the Supreme Court instructs that a person cannot be held liable under § 1983 upon a theory of respondeat superior. *See City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Supervisory personnel are not liable under § 1983 for constitutionally-proscribed misconduct by their subordinates unless the plaintiff demonstrates "[a]n affirmative link between the occurrence of the ... misconduct and the adoption of any plan or policy—express or otherwise—showing [the supervisor's] authorization or approval of such misconduct." *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). No affirmative link is demonstrated in this case.

Summary judgment was proper to the extent that Miller claimed that defendants Martin, Bock, Smith and Dotson failed to respond to his grievances. A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint

is insufficient to impose liability upon supervisory personnel under § 1983. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988). Consequently, the claim for damages against defendants Martin, Bock, Smith and Dotson was properly dismissed regardless of the constitutional sufficiency of Miller's actual treatment.

Miller cannot maintain his claim for money damages to compensate him for the defendants' failure to expunge inaccurate information from his prison file. *See* 42 U.S.C. § 1997e(e). Section 1997e(e) prohibits prisoners from bringing a suit for mental or emotional injury without an accompanying physical injury. *See id.* Miller has not alleged, nor has he shown, a prior physical injury resulting from the defendants' alleged actions.

Although Miller also sought punitive damages against the defendants, and although claims for such damages are not necessarily barred by section 1997e(e), *see Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 n. 6 (10th Cir.1999), punitive damages are available under 42 U.S.C. § 1983 only for conduct which is "shown to be motivated by evil motive or intent[ ] or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Miller has made no showing that the defendants' alleged conduct rose to that level in this case. Accordingly, summary judgment was proper in this respect as well.

Finally, Miller's request for the expunction of information was properly dismissed as moot. The record reflects that the information was expunged.

* The Honorable Donald P. Lay. United States Circuit Judge for the Eighth Circuit, sitting by

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit